[707 NYS2d 351]

In the Matter of BRIAN MICHAEL GIBSON, an Attorney, Resignor.

Second Department, April 24, 2000

**APPEARANCES OF COUNSEL**

*Burke, McGlinn & Miele,* Suffern, for resignor.

*Grace D. Moran, Jr.,* Syosset (*Elizabeth Anne Grabowski* of counsel), for Grievance Committee for the Tenth Judicial District.

**OPINION OF THE COURT**

Per Curiam.

Brian Michael Gibson has submitted an affidavit, dated July 28, 1999, in which he tenders his resignation as an attorney and counselor-at-law (*see*, 22 NYCRR 691.9). Mr. Gibson was

admitted to the practice of law by the Appellate Division of the Supreme Court in the Second Judicial Department on April 21, 1971.

On April 14, 1999, the respondent entered a plea of guilty in the United States District Court for the Southern District of New York to a two-count Federal information charging him with aiding and assisting the filing of false income tax returns, in violation of Internal Revenue Code (26 USC) § 7206 (2), and income tax evasion, in violation of Internal Revenue Code (26 USC) § 7201.

The respondent acknowledged the existence of a pending investigation into the aforesaid allegations and noted that he and his representative initially notified the Grievance Committee of the pending Federal investigation. The respondent further acknowledged that he could not successfully defend himself on the merits against charges predicated upon the misconduct under investigation.

The respondent avers that his resignation is submitted subject to any application which may be made by the Grievance Committee for an order directing that he make restitution and reimburse the Lawyers' Fund for Client Protection, pursuant to Judiciary Law § 90 (6-a), and he acknowledges the continuing jurisdiction of the Court to make such an order. Further, the respondent specifically waived the opportunity afforded by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee supports acceptance of the resignation.

Inasmuch as the resignation complies with all appropriate Court rules, it is accepted, the respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

Mangano, P. J., O'Brien, Ritter, S. Miller and Smith, JJ., concur.

Ordered that the resignation of Brian Michael Gibson is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Brian Michael Gibson is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Brian Michael Gibson shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see, 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Brian Michael Gibson is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.